AUSA:   Jeanine Brunson       Telephone:  (313) 226-9597

AO 91 (Rev. 11/11)  Criminal Complaint      Special Agent:    Christopher Pennisi, F.B.I.   Telephone:  (313) 965-2323

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

United States of America
    v.

Johnnie Cortez WATKINS

**Case: 2:19−mj−30590**
**Assigned To : Unassigned**
**Assign. Date : 11/12/2019**
**USA V WATKINS (CMP)(CMC)**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 9, 2019 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2119 | Carjacking |
| 18 U.S.C. § 922(g) | Felon in possession of a firearm |
| 18 U.S.C. § 924(c)(1)(A) | Brandishing a firearm during and in relation to a crime of violence |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Christopher S. Pennisi, F.B.I.
*Printed name and title*

Sworn to before me and signed in my presence.

_____
*Judge's signature*

Date: _November 12, 2019_____

City and state: _Detroit, Michigan_____

Hon. R. Steven Whalen, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Christopher S. Pennisi, being duly sworn, depose and state as follows:

## I.  INTRODUCTION

1.      Your affiant has been employed as a Special Agent of the Federal Bureau of Investigation for fourteen years, and is currently assigned to the Violent Crime Squad in the Detroit Division of the FBI.

2.      Your affiant is an "investigative or law enforcement officer" of the United States within the meaning of Title 18 Section 2501(7), United States Code, that is, an officer of the United States who is empowered by the law to conduct investigations of and to make arrests for the offenses enumerated in Title 18 Section 2516, United States Code.

3.      I have investigated federal violations concerning crimes of violence and firearms. I have gained experience through training and everyday work related to these types of investigations.

4.      The statements contained in this Affidavit are based on my experience and background as a special agent and on information provided by police officers, other agents of the FBI, and other law enforcement personnel. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all of facts known to law enforcement related to this investigation.

5.      This affidavit is made in support of a criminal complaint charging JOHNNIE CORTEZ WATKINS with taking a motor vehicle transported, shipped,

or received in interstate commerce from the person or presence of another by force and violence or by intimidation and with intent to cause death or serious bodily harm in violation of 18 U.S.C. § 2119 (carjacking). Further, WATKINS brandished a firearm during and in relation to a crime of violence (carjacking) in violation of 18 U.S.C. § 924(c). Finally, WATKINS possessed a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g).

## II.   SUMMARY OF THE INVESTIGATION

6.   On November 9, 2019 at approximately 6:14 pm, victim ZB, was in front of 51 W. Palmer Street in Detroit inside his vehicle, a 2015 Jeep Cherokee. As ZB attempted to close the driver's door, a black male, later identified as JOHNNIE CORTEZ WATKINS, stopped him from doing so, lifted up his jacket to reveal a firearm and stated "put your head down or I'll fucking kill you."

7.   WATKINS then took the victim's Apple air pod headphones, iPhone, black jacket, key ring holder with several keys and cardholder/wallet with several credit cards. WATKINS looked at ZB's watch, but decided not to take it.

8.   After taking his property, WATKINS told ZB "get out of the car and walk the other way, if you turn around I will kill you." ZB then exited his car and WATKINS got inside and drove away.

9.   After taking ZB's car, he picked up DEMTRIUS ROBERT HOLCOMB, who entered the front passenger seat of ZB's Jeep. A short time later, a Wayne State Police car began following the Jeep, and WATKINS began driving away at a

high rate of speed.  WATKINS lost control of the car and it crashed near the intersection of E. Ferry and St. Aubin in Detroit.

10.    HOLCOMB surrendered to police and was taken into custody.  On scene, HOLCOMB stated that he did not know that WATKINS was going to carjack somebody.  A loaded .45 caliber Glock, model 30 handgun was recovered from the floor of Jeep in front of the driver's seat following HOLCOMB'S arrest.  The firearm was found to have been stolen.

11.    Additional Wayne State Police officers conducted a search of the area and one observed a black male standing in front of 53xx Chene Street, a religious outreach organization known as Peacemaker's International.  When the officers approached 53xx Chene, they found a wallet with WATKINS' identification inside.

12.    53xx Chene is approximately 3 blocks from the intersection of E. Ferry and St. Aubin.

13.    Officers entered 53xx Chene and interviewed an employee there, who indicated that a young man had entered the building approximately five minutes prior to the police with no shoes on and ripped pants.  The officers located the man fitting that description and identified him as JOHNIE WATKINS.  The officers noted that WATKINS was sweating from the head and breathing hard when they discovered him.  In addition, his pants were grass stained and ripped, and WATKINS was observed to be bleeding from the leg.

14.    WATKINS was taken into custody and searched incident to arrest.  A set of keys belonging to ZB was found on WATKINS and the key to ZB's Jeep were

found on the seat next to WATKINS. That key was found to operate the locks on ZB's car. A second search of WATKINS was conducted once custody was transferred to the Detroit Detention Center. A Range Rover key fob that also belonged to ZB was found on WATKINS's person.

15. While officers were conducting their investigation at 53xx Chene, a track for potential suspects was conducted by a K-9 officer from Wayne State Police. The officer familiarized his dog with the scent from driver's seat of the Jeep and allowed it to track the scent on the ground. The dog led the officer from the Jeep to E. Kirby near Chene street, where ZB's iPhone was recovered.

16. The Wayne State K-9 continued following the scene from the car, and tracked from the wallet directly to the doorway of 53xx Chene. E. Kirby and Chene is less than one block from 53xx Chene.

17. On November 10, 2019, WATKINS was placed in a live lineup containing four additional males of similar age, height, weight and hair style. The lineup was viewed by ZB who, after a short time, selected WATKINS as the person that took ZB's Jeep while threatening to shoot ZB with a firearm the day prior.

18. On August 8, 2009, WATKINS was convicted of felony unlawful driving away in violation of Michigan Compiled Law 750.413, for which he was sentenced to 1 year to 5 years' incarceration and felony fleeing police officer second degree in violation of Michigan Compiled Law 257.602A4-A for which he was sentenced to 1 year and 7 months to 10 years' incarceration.

19.    ZB's car was made in Michigan. However, the previous owner frequently used the car to travel to visit clients in Ohio, Indiana, Illinois and Canada prior to the date of the alleged carjacking.

### III.    CONCLUSION

20.    Based on the above information, probable cause exists that WATKINS took a motor vehicle, from the person or presence of another, by force and violence or by intimidation, and with intent to cause death or serious bodily harm in violation of 18 U.S.C. § 2119.  To wit, he took a 2015 Jeep Grand Cherokee from victim ZB while brandishing a firearm.

21.    As the Jeep taken by WATKINS travelled outside of the state of Michigan, the vehicle was "shipped, or transported in interstate commerce" as recited in 18 U.S.C. § 2119.

22.    Therefore, probable cause exists to believe that WATKINS violated 18 U.S.C. § 2119 with respect to victim ZB.

23.    The firearm used by WATKINS was recovered from inside the car and found to be a Glock model 30 handgun.  Glock handguns are produced in either the country of Austria or the State of Georgia.  Therefore, the Glock 30 used by Watkins was transported in interstate commerce.

24.    Therefore, probable cause exists that WATKINS brandished a firearm during and in relation to a crime of violence (carjacking), in violation 18 U.S.C. § 924(c)(1)(A).

25.     Finally, WATKINS possessed a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g), and knowing that he had been previously convicted of a felony offense.

26.     In consideration of the foregoing, I respectfully request that this Court issue a complaint against WATKINS for violation of 18 U.S.C. §§ 2119, 924(c)(1)(A) and 922(g).

27.     Further in consideration of the foregoing, I respectfully request that this Court issue an arrest warrant for WATKINS for violation of 18 U.S.C. §§ 2119, 924(c)(1)(A) and 922(g).

CHRISTOPHER S. PENNISI
Special Agent, FBI

Sworn to before me and signed in my
presence and/or by reliable electronic means.

11/12/19

HON. R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE